# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2010

No. 09-10763
Summary Calendar

Lyle W. Cayce
Clerk

CONNIE RAY PALMER,

Plaintiff-Appellant

v.

SHERIFF TOM CALLAHAN; WICHITA FALLS POLICE DEPARTMENT; OFFICER SANDY LAMB,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:09-CV-22

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Connie Ray Palmer, Texas prisoner # 1142309, moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed the complaint as frivolous because it was time barred and, alternatively, barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court certified that the appeal was not taken in good faith for these reasons.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10763

In his IFP motion, Palmer does not address the district court's reasons for denying IFP. By failing to discuss the district court's rationale for denying his IFP motion, Palmer has abandoned those issues, and it is the same as if he had not appealed the district court's order. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, Palmer's IFP motion is denied and his appeal is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Palmer is cautioned that the district court's dismissal of his complaint as frivolous and our dismissal of this appeal as frivolous each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Palmer is further cautioned that if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.